UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH THOMAS<br><br>Plaintiff<br><br>vs.<br><br>PRIME SOURCE CAPITAL<br>MANAGEMENT, LLC<br><br>Defendant | Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Joseph Thomas, by and through his undersigned counsel, Bruce K. Warren, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1. Plaintiff, Joseph Thomas, (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant Nationwide for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and violations of the South Carolina Fair Debt Collection Practices Act Section 37-5-108.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant has a primary location in this District.

## III. PARTIES

4. Plaintiff, Joseph Thomas, ("Plaintiff") is an adult natural person located in Myrtle Beach, SC 29575. Plaintiff is a "consumer" as defined by the FDCPA, 15. U.S.C. § 1692a(2).

5. Defendant, Prime Source Capital Management, LLC ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of South Carolina and the State of New York with a principal office located at 3840 East Robinson Road, Amherst, NY 14228.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around December, 2011, Plaintiff started to receive constant calls and voice mails from Defendant's agent, "Brad Douglas", collecting on an alleged debt.

8. Plaintiff remains unaware of what the Defendant is trying to collect on.

9. During each call, Defendant's agent, "Brad Douglas", informs the Plaintiff that there is a case ready to be filed against him clearly as a tactic to frighten the Plaintiff into returning his call.

10. Plaintiff is encouraged to call the Defendant back immediately as the only way to stop the legal action from being filed.

11. On or about December 19, 2011, Plaintiff was again informed that his account was currently in the Defendant's "pre-legal" department.

13. Defendant has never stated what they are calling in regards to.

14. Defendant has never stated who they are collecting for.

15. Plaintiff has asked the Defendant on several occasions for the calls to stop, however Defendant's agent, "Brad Douglas", continues to call.

16. In late December, 2011, Plaintiff received another message from Defendant's agent, "Brad Douglas", informing the Plaintiff that he now needed to call back and reference "lawsuit #203947".

17. As of the filing of this complaint, Plaintiff has never received anything in writing from the Defendant in regards to this seemingly urgent matter.

18. As of the filing of this complaint, the Plaintiff has never been served any legal papers from the Defendant.

19. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

20. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

>§§1692d: Any conduct the natural consequence of which is to harass, oppress, or abuse any person

§§1692e: Any other false deceptive, or misleading representation or means in connection with the debt collection

§§1692e(10): Any false representation or deceptive means to collect a debt

§§1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§§1692g: Failure to send a 30-day validation notice within five (5) days of the initial communication

§§1692g(a)(1): Must state debt amount

§§1692g(a)(2): Must state creditor for whom the debt is owed

§§1692g(a)(3): Must state the right to dispute within 30 days

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Prime Source Capital Management, LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of the South Carolina Fair Debt Collection Practices Act
### Section 37 et.seq. Unconscionability; Inducement by Unconscionable Conduct

27. Plaintiff hereby adopts, re-allege and incorporate by reference all allegations set forth above as fully rewritten here.

28. In its attempt to collect the aforementioned alleged debt, Defendant violated the above act in one or more of the following ways:

    (b) Communicating with the consumer or a member of his family at frequent intervals during a twenty-four hour period or at unusual hours or under other circumstances so that it is a reasonable inference that the primary purpose of the communication was to harass the consumer. The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium.

    A creditor or debt collector may not:

    (vii) cause a telephone to ring repeatedly during a twenty-four hour period or engage any person in a telephone conversation with intent to annoy, abuse, or harass any person at the called number;

    (c) Using fraudulent, deceptive, or misleading representations in connection with the collection of a consumer credit transaction. Such false representations shall include:

    (i) the character, amount, or legal status of any debt;

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

    a. Actual damages;

    b. Statutory damages pursuant to SCFDCPA §37-5-108

    c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: January 26, 2012        BY: _____
Bruce K. Warren, Esquire

Warren & Vullings, LLP
93 Old York Road
Jenkintown, PA  19046
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff
bkw@w-vlaw.com